# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RODNEY R. RHODES,

        Plaintiff,

        v.

REX L. BUTLER, ET AL.,

        Defendants.

Case No. 3:23-cv-00284-SLG

## **NOTICE OF INTENT TO DISMISS**

On December 20, 2023, self-represented prisoner Rodney R. Rhodes ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, two motions, and a subpoena.[1] Plaintiff claims Attorney Rex Butler, Attorney Warren Wolfe, and the "paralegal and phone staff" at the Rex Lamont Butler & Associates law firm ("Defendants") violated his right to access the courts and his due process rights.[2] The Court takes judicial notice[3] of the fact that Defendants are criminal defense attorneys—and unnamed support staff at their law firm—who were appointed by the state trial court

---

[1] Dockets 1-6.

[2] Docket 1 at 4-5.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). *See also* Fed. R. Evid. 201 (a court can take judicial notice of its own files and records); *Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

to represent Plaintiff in his ongoing criminal case *State of Alaska v. Rhodes, Rodney,* Case No. 3PA-21-00393CR. Plaintiff claims Defendants and all the criminal defense attorneys appointed through the Office of Public Advocacy (OPA)[4] have "failed him."[5] For relief, Plaintiff asks the Court to "conflict OPA out completely" and appoint different criminal defense counsel in his state criminal case, or to order the state court to hold a representation hearing.[6]

As explained below, a plaintiff cannot state a federal claim against his court-appointed attorneys or their staff based on their actions, or alleged inactions, in a criminal case. Therefore, this action must be DISMISSED. Self-represented prisoners receive a "strike" if the case is "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[7] Prisoners who receive three or more strikes cannot bring any other actions without prepaying the full filing fee unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."[8] Therefore, in the interests of

---

[4] "OPA attorneys are appointed by the court in instances where the Public Defender Agency cannot represent defendants due to conflict of interest." *See* Criminal Defense, Office of Public Advocacy, https://doa.alaska.gov/opa/crim_def.html (last visited 3/27/24).

[5] Docket 1-1 at 1.

[6] Docket 1 at 8.

[7] *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019) (quoting 28 U.S.C. § 1915(g)).

[8] *See Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) ("a prisoner subject to the three-strikes provision may meet the imminent danger exception and proceed in forma pauperis on appeal if he alleges an ongoing danger at the time the notice of appeal is filed.").

Case No. 3:23-cv-00284-SLG, *Rhodes v. Butler, et al.*
Notice of Intent to Dismiss
Page 2 of 6
Case 3:23-cv-00284-SLG   Document 11   Filed 03/29/24   Page 2 of 6

justice, Plaintiff is accorded **30 days** to voluntarily withdraw this action to avoid receiving a strike.[9]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[10] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[11]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[12] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to

---

[9] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

[10] 28 U.S.C. §§ 1915, 1915A.

[11] 28 U.S.C. § 1915(e)(2)(B).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 3:23-cv-00284-SLG, *Rhodes v. Butler, et al.*
Notice of Intent to Dismiss
Page 3 of 6
Case 3:23-cv-00284-SLG   Document 11   Filed 03/29/24   Page 3 of 6

relief[.]"[13] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[14] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[15] In conducting its screening review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[16] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[17] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[18]

## DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution

---

[13] Fed. R. Civ. P. 8(a)(2).

[14] *Id.*

[15] *Id.* (internal citations and quotations omitted).

[16] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[17] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[18] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:23-cv-00284-SLG, *Rhodes v. Butler, et al.*
Notice of Intent to Dismiss
Page 4 of 6
Case 3:23-cv-00284-SLG   Document 11   Filed 03/29/24   Page 4 of 6

or federal statutes.[19] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[20]

An attorney appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, ... not a state actor."[21] Such an attorney, whether from the Office of Public Advocacy, Public Defender's Agency, or by contract is "no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."[22] It does not matter that a state criminal defense lawyer is paid from public funds. "Except for the source of payment, ... the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program."[23] Therefore, Plaintiff cannot state a claim against his court-appointed attorneys or their staff. Additionally, federal courts should abstain from hearing a civil rights claim arising from an ongoing criminal prosecution,[24] and the Court has no authority to order the relief Plaintiff seeks. Allegations of

---

[19] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[20] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[21] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

[22] *Id*., citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).

[23] *Polk County*, 454 U.S. at 318-19.

[24] *See Younger v. Harris*, 401 U.S. 37 (1971).

Case No. 3:23-cv-00284-SLG, *Rhodes v. Butler, et al.*
Notice of Intent to Dismiss
Page 5 of 6
Case 3:23-cv-00284-SLG   Document 11   Filed 03/29/24   Page 5 of 6

ineffective assistance of counsel may either be addressed at a representation hearing in Alaska Superior Court or by filing a grievance with the Alaska Bar Association. For these reasons, the Court finds the Complaint must be dismissed. Any amendment would be futile, so the Court will not grant Plaintiff leave to file an amended complaint.

**IT IS THEREFORE ORDERED:**

1. Plaintiff has **30 days** from the date of this order to file a notice of voluntarily dismissal of this action in order to avoid receiving a strike under 28 U.S.C. § 1915(g).

2. If Plaintiff does not file a notice of voluntary dismissal within **30 days,** the Court will dismiss the action and issue a strike without further notice to Plaintiff.

3. All pending motions are **DENIED** as moot.

4. The Clerk of Court is directed to send Plaintiff form PS 09, Notice of Voluntary Dismissal, with this order.

DATED this 29th day of March, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00284-SLG, *Rhodes v. Butler, et al.*
Notice of Intent to Dismiss
Page 6 of 6
Case 3:23-cv-00284-SLG   Document 11   Filed 03/29/24   Page 6 of 6